UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MARKLE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF LIVINGSTON et al.,<br><br>　　　　Defendants | Case No. 1:23-cv-01708-KES-EPG<br><br>ORDER DENYING, WITHOUT PREJUDICE, PROPOSED STIPULATED PROTECTIVE ORDER<br><br>(ECF No. 37) |

On August 4, 2025, the parties filed a Joint Stipulation and Protective Order. (ECF No. 37). The joint motion will be denied, without prejudice, because it does not comply with Local Rule 141.1.

Local Rule 141.1(c) requires that every proposed protective order contain the following provisions:

> (1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);
>
> (2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and
>
> (3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

LR 141.1(c)(1)-(3).

Regarding Local Rule 141.1(c)(1)-(2), the parties have failed to provide an adequate description of the types of information eligible for protection and a particularized showing of

1

need for protection as to each category of information covered by their proposed order. The parties' proposed protective order defines "confidential" information to mean "any information which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law[.]" (ECF No. 37 at 2). Similarly, the protective order defines "confidential materials" to mean "any Documents, Testimony or Information as defined below designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order." (*Id.*). The proposed protective order also states: "[t]he Designating Party shall have the right to designate as 'Confidential' and 'Highly Confidential' any Documents, Testimony or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential or highly confidential treatment under applicable law." (*Id.* at 3).

Such a broad description is not sufficient "in general terms [] to reveal the nature of the information" under LR 141.1(c)(1). For example, the parties do not generally identify "confidential" information to include, *e.g.*, a customer list or some other descriptor to reveal the general type of information deemed confidential. Likewise, the parties fail to make a particularized showing as to need for protection as to any category of information to be covered by the order under LR 141.1(c)(2). The parties also do not explain why the request for protection "should be addressed by a court order, as opposed to a private agreement between or among the parties." LR 141.1(c)(3).

Accordingly, IT IS ORDERED that the parties' joint motion for protective order (ECF No. 37) is denied, without prejudice.

IT IS SO ORDERED.

Dated: **August 6, 2025**          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE

2